# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| MIDWEST COATINGS, INC., an Oklahoma corporation, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. CIV-15-1363-D |
| THE SHERWIN-WILLIAMS COMPANY, a foreign corporation, and CAROLLO ENGINEERS, P.C., a/k/a CAROLLO ENGINEERS, INC., a foreign corporation, | ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## O R D E R

Before the Court is Defendant The Sherwin-Williams Company's ("Sherwin-Williams") Motion to Dismiss Plaintiff's Amended Complaint [Doc. No. 23], filed pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiff Midwest Coatings, Inc. ("Midwest") has responded in opposition [Doc. No. 26], and Sherwin-Williams has replied [Doc. No. 27]. The Motion is fully briefed and at issue.

Midwest brings this manufacturer's products liability suit, alleging[1] the "Tank Clad HS" coating system sold by Sherwin-Williams and applied to clarifiers at the Project[2]

---

[1] In its Response, Midwest contends that the facts alleged in its Amended Complaint "support several viable theories of recovery against Sherwin-Williams, including breach of contract." Resp. [Doc. No. 26] at 5; *see also id.* at 5 n.1; Exs. 1 and 2 [Doc. Nos. 26-1 and 26-2]. However, a claim for breach of contract is not evident within the four-corners of the Amended Complaint, and therefore, will not be addressed herein. *See Ashcroft v. Iqbal*, 556 U.S. 662, 674 (2009).

[2] The subject project is the Norman Water Treatment Plant Expansion Project, Phase I – Owner's Project No. 7886A (the "Project"). *See* Am. Compl. [Doc. No. 21] at 2.

blistered, necessitating "repairs to the coating on Clarifier #3 and Clarifier #4." Am. Compl. [Doc. No. 21] at 3. Midwest further alleges Sherwin-Williams was negligent in failing "to furnish materials which conformed to the Project plans and specifications and/or were otherwise fit for their intended purpose," and that such negligence was the proximate cause of Midwest's damages. *Id.* Lastly, Midwest alleges that, by failing to provide "materials which complied with Project specifications," Sherwin-Williams breached express and implied "duties" owed to Midwest.[3] *Id.* Midwest claims damages in excess of $75,000, and requests interest, costs, and attorney's fees.

Sherwin-Williams moves to dismiss claims against it, asserting: (1) the economic loss doctrine bars recovery in tort and requires dismissal of the manufacturer's products liability and negligence claims;[4] and (2) Midwest is not entitled to attorney's fees because no Oklahoma statute authorizes such relief to the prevailing party in a manufacturer's liability action.

**Standard of Decision**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft*, 556 U.S.

---

[3] Sherwin-Williams construes the breach of "duties" language in the Amended Complaint as part of Midwest's negligence claim. *See* Mot. [Doc. No. 23] at 2 n.1. The Court declines such reading, and finds the facts alleged are sufficient to give Sherwin-Williams fair notice of the breach of warranty claim and the grounds upon which it rests. *See Erickson v. Pardus*, 551 U.S. 89, 93 (2007); *see also Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012) (noting that although "the elements of each alleged cause of action help to determine whether . . . a plausible claim" has been set forth, a plaintiff is not required to "establish a prima facie case in her complaint") (citations omitted).

[4] Sherwin-Williams also claims the economic loss doctrine bars recovery for indemnification, however, Midwest admits that it is not asserting claims for indemnification. *See* Resp. [Doc. No. 26] at 6.

at 678 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The complaint must "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson,* 551 U.S. at 93 (quoting *Twombly*, 550 U.S. at 555). Where dismissal is granted for failure to state a claim, the Court should grant leave to amend freely "if it appears at all possible that the plaintiff can correct the defect." *Triplett v. Leflore Cty., Okla.*, 712 F.2d 444, 446 (10th Cir. 1983).

## Discussion

### A. Economic Loss Doctrine

In *East River S.S. Corp. v. Transamerica Delaval, Inc.*, 476 U.S. 858 (1986), the United States Supreme Court held that "whether stated in negligence or strict liability, no products-liability claim lies . . . when the only injury claimed is economic loss." *Id.* at 876. This holding became known as the economic loss doctrine. The Oklahoma Supreme Court, which adopted the doctrine in *Waggoner v. Town & Country Mobile Homes, Inc.,* 808 P.2d 649 (Okla. 1990), held that "no action lies in manufacturers' products liability for injury only to the product itself resulting in purely economic loss." *Id.* at 653. The Oklahoma Supreme Court expounded on the doctrine in *Oklahoma Gas & Elec. Co. v. McGraw-Edison Co.*, 834 P.2d 980 (Okla. 1992), when it held that a plaintiff may not recover in tort for damages categorized as "consequential harm flowing from" injury to the product itself. *Id.* at 982.

3

Sherwin-Williams contends the economic loss doctrine bars Midwest from recovery because the Amended Complaint fails to allege "any personal injury or damage to property other than the coating." Mot. [Doc. No. 23] at 5. Midwest argues that its products liability and negligence claims should be allowed to proceed under *Friesen v. Erb*, No. CIV-10-0140-C, 2012 WL 1142901, *1 (W.D. Okla. Apr. 5, 2012), which held that "[w]hile Plaintiff's damages may be classified as purely economic, they are not damages limited to the product itself . . . . [T]hey are outside the scope of the limitations set forth in *Waggoner* and are a permissible type of damages under Oklahoma law." *Id.*[5]

After careful consideration, the Court finds that the economic loss doctrine is applicable to the present action. The allegations of damage as set forth in the Amended Complaint are properly categorized as economic injury to the product and consequential harm flowing from that injury. Because, "a manufacturer . . . has no duty under either a negligence or strict products-liability theory to prevent a product from injuring itself," *E. River S.S. Corp.*, 476 U.S. at 871, Midwest's products liability and negligence claims are hereby dismissed, and Sherwin-Williams's Motion on this ground is granted.

**B. Attorney's Fees**

Sherwin-Williams contends Midwest failed to state a plausible claim for attorney's fees. The American Rule provides the "basic point of reference" for an award of attorney's

---

[5] In its Response, Midwest asserts "the clarifiers were also damaged by the blistering in the coating system." Resp. [Doc. No. 26] at 4. However, because this information is outside the pleadings, and the Court does not choose to treat Sherwin-Williams's Motion as one for summary judgment, such information will not be considered here. *See* Fed. R. Civ. P. 12(d).

4

fees: "Each litigant pays his own attorney's fees, win or lose, unless a statute or contract provides otherwise." *Baker Botts L.L.P. v. ASARCO LLC*, __ U.S. __, 135 S.Ct. 2158, 2161 (2015) (citations omitted). "Because the rule is deeply rooted in the common law," courts are not to deviate from it "absent explicit statutory authority." *Id.* Relying on *Lewis v. Fed.-Pac. Ele. Co.*, 743 P.2d 151 (Okla. 1987) (*cert. denied*), Sherwin-Williams contends there are no Oklahoma statutes entitling Midwest to attorney's fees in a manufacturer's liability suit. *See* Mot. [Doc. No. 23] at 7 (quoting *Lewis*, 743 P.2d at 152, that "there are no Oklahoma statutes authorizing attorney fees to the prevailing party in manufacturer's product liability actions") (emphasis omitted).

Sherwin-Williams's Motion on this issue is denied on two grounds. First, the Motion is premature. Only a prevailing party is entitled to attorney's fees; no such determination has been made in this case. Second, a motion to dismiss is an improper vehicle for the dismissal of a prayer for relief, which is not part of the cause of action. *See Daniels v. Thomas*, 225 F.2d 795, 797 (10th Cir. 1955) ("[I]t is well settled that the prayer for relief is [not] part of the cause of action[.]"); *see also* 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1255 at 508-09 (3d ed. 2004) (noting a "demand for judgment is not considered part of the claim . . . . [and therefore,] the selection of an improper remedy in the . . . demand for relief will not be fatal to a party's pleading if the statement of the claim indicates the pleader may be entitled to relief of some other type."); *Schoonover v. Schoonover*, 172 F.2d 526, 530 (10th Cir. 1949) (Because "the prayer forms no part of the cause of action, . . . a pleader will be entitled to the relief made out by the case and stated in

the pleadings, irrespective of what is asked for in the prayer."); *Douglas v. Miller*, 864 F. Supp. 2d 1205, 1220 (W.D. Okla. Mar. 30, 2012) ("[W]hether [punitive] damages are recoverable is not a proper subject for adjudication in a Rule 12(b)(6) motion, as the prayer for relief is not a part of the cause of action.") (citations omitted).

Accordingly, dismissing Midwest's prayer for relief, which includes a request for the prevailing party's attorney's fees and costs, is inappropriate at this stage of the proceedings.

## Conclusion

Therefore, Sherwin-Williams's Motion to Dismiss [Doc. No. 23] is GRANTED in part and DENIED in part, as set forth above. The manufacturer's products liability and negligence claims asserted against Sherwin-Williams are hereby dismissed without prejudice. Midwest is granted leave to further amend its Complaint within 14 days of the date of this Order. Absent any such amendment, the sole claim remaining against Sherwin-Williams is for breach of warranty.[6]

IT IS SO ORDERED this 26th day of January, 2017.

TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE

---

[6] "Damage to a product itself is most naturally understood as a warranty claim," because "[t]he maintenance of product value and quality is precisely the purpose of express and implied warranties. Therefore, a claim of a nonworking product can be brought as a breach-of-warranty action." *E. River S.S. Corp.*, 476 U.S. at 872.