# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

MIDWEST COATINGS, INC., an )
Oklahoma Corporation, )
 )
     Plaintiff, )
 v. ) Case No. CIV-15-1363-D
 )
THE SHERWIN-WILLIAMS COMPANY, )
a foreign corporation, and )
CAROLLO ENGINEERS, INC., a foreign )
corporation, )
 )
     Defendants. )

## ORDER

Before the Court is Defendant Sherwin-Williams' Motion to Dismiss Plaintiff's Second Amended Complaint [Doc. No. 36]. Plaintiff has responded in opposition [Doc. No. 39], and Defendant Sherwin-Williams has replied [Doc. No. 41]. The matter is fully briefed and at issue.

## BACKGROUND

Plaintiff filed an Amended Complaint [Doc. No. 21] on May 25, 2016, alleging causes of action for products liability, negligence and breach of warranty. Defendant Sherwin-Williams moved to dismiss [Doc. No. 23], asserting that the economic loss doctrine barred tort recovery. The Court granted in part and denied in part Sherwin-Williams' motion [Doc. No. 34]. The Court dismissed without prejudice Plaintiff's products liability and negligence claims against Sherwin-Williams, but left intact

Plaintiff's breach of warranty claim.[1] The Court, however, granted Plaintiff leave to amend its Amended Complaint.

Within the time set by the Court, Plaintiff filed a Second Amended Complaint [Doc. No. 35]. Defendant Sherwin-Williams moves to dismiss Plaintiff's Second Amended Complaint, alleging that Plaintiff's additional factual allegations indicate only *de minimis* damage to property other than the coating, which is insufficient to overcome the economic loss doctrine [Doc. No. 36].

## STANDARD OF DECISION

"To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The "plausibility standard" announced in *Twombly* and *Iqbal* is not a "heightened standard" of pleading, but rather a "refined standard." *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012) (*citing Kansas Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011). Under the "refined standard," plausibility refers "to the scope of the allegations in the complaint: if they are so general that they encompass a wide swath of conduct, much of it

---

[1] Although Plaintiff maintained in its Response [Doc. No. 26] that the facts alleged in its Amended Complaint supported several viable theories of recovery, including breach of contract, the Court found that a breach of contract claim was not evident within the Amended Complaint. [Doc. No. 34].

innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'" *Khalik*, 671 F.3d at 1191; *see also Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (*quoting Twombly*, 550 U.S. at 570).

Further, the Tenth Circuit has noted that "[t]he nature and specificity of the allegations required to state a plausible claim will vary based on context." *Khalik*, 671 F.3d at 1191 (*quoting Kansas Penn Gaming*, 656 F.3d at 1215). "Thus, [it has] concluded the *Twombly*/*Iqbal* standard is 'a middle ground between heightened fact pleading, which is expressly rejected, and allowing complaints that are no more than labels and conclusions or a formulaic recitation of the elements of a cause of action, which the Court stated will not do.'" *Id*. (*quoting Robbins*, 519 F.3d at 1247).

"In other words, Rule 8(a)(2) still lives. There is no indication the Supreme Court intended a return to the more stringent pre-Rule 8 pleading requirements." *Id.* It remains true that "[s]pecific facts are not necessary; the statement need only 'give the defendant fair notice of what the … claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (*quoting Twombly*, 550 U.S. at 555); *see also al-Kidd v. Ashcroft*, 580 F.3d 949, 977 (9th Cir. 2009) ("*Twombly* and *Iqbal* do not require that the complaint include all facts necessary to carry the plaintiff's burden.").

Finally, "[w]hile the 12(b)(6) standard does not require that Plaintiff establish a prima facie case in [its] complaint, the elements of each alleged cause of action help to determine whether Plaintiff has set forth a plausible claim." *Khalik*, 671 F.3d at 1192 (*citing Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 515 (2002). "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the alleged]

3

facts is improbable, and 'that a recovery is very remote and unlikely.'" *Sanchez v. Hartley*, 810 F.3d 750, 756 (10th Cir. 2016) (*citing Twombly*, 550 U.S. at 556).

## DISCUSSION

Although not separately stated in enumerated counts, Plaintiff's Second Amended Complaint purports to assert several causes of action, including breach of contract, negligence, manufacturer's products liability and breach of warranty, against Defendant Sherwin-Williams. [Doc. No. 35]. Sherwin-Williams has moved to dismiss those claims with the exception of Plaintiff's breach of warranty and breach of contract claims. [Doc. Nos. 36, 41].[2] To summarize, the Second Amended Complaint alleges:

- Carollo Engineers developed construction plans for the City of Norman's Water Treatment Plant Expansion Project. The plans prepared by Carollo included the use of a coating system sold by Sherwin-Williams.

- Plaintiff entered into a subcontract with Wynn Construction to coat and paint select portions of the project. Plaintiff purchased the coating system from Sherwin-Williams.

- Plaintiff applied the coating system on clarifiers at the project.

- Subsequently, blistering was discovered in the coating on the clarifiers. The blisters popped over time, causing corrosion and damage to the clarifiers.

- Plaintiff had to perform repairs to the coating. Consequently, the clarifiers had to be sand blasted and re-coated.

- Plaintiff alleges that Sherwin-Williams owed Plaintiff a contractual and legal duty to provide materials complying with the project specifications. Plaintiff further alleges that since the coating system did not meet the project's plans and failed in its intended purpose, Sherwin-Williams breached its express and implied duties owed to Plaintiff, resulting in a breach of contract, breach of

---

[2] Sherwin-Williams concedes in its Reply [Doc. No. 41] at 3-4 that Plaintiff has stated causes of action for breach of contract and breach of warranty in its Second Amended Complaint.

4

express and implied warranties, negligence and manufacturer's products liability.

[Doc. No. 35] at 2-3.

Viewing the Second Amended Complaint as a whole, Plaintiff's allegations are sufficient to provide Defendant Sherwin-Williams fair notice of Plaintiff's claims and the grounds upon which they rest. The Court concludes Plaintiff has set forth minimally sufficient factual support for the claims. At this stage, Plaintiff must only demonstrate that it is plausibly entitled to relief. Plaintiff is not required to prove its case in its pleading.

Of note, the cases cited by Defendant Sherwin-Williams in its motion [Doc. No. 36] at 3-4 concerning *de minimis* other property damage and applicability of the economic loss doctrine were all cases decided at the summary judgment stage. Moreover, as stated *supra*, the Court is required to accept Plaintiff's well-pleaded allegations as true even if it believes actual proof of the allegations is improbable. *Sanchez*, 810 F.3d at 756. Although the extent of damage to the clarifiers is unclear, that remains an issue more appropriately addressed at the summary judgment stage of the proceedings, or at trial. Accordingly, Defendant Sherwin-Williams' motion is denied.

## CONCLUSION

Defendant Sherwin-Williams' Motion to Dismiss Plaintiff's Second Amended Complaint and Brief in Support [Doc. No. 36] is DENIED as set forth herein.

IT IS SO ORDERED this 20th day of October 2017.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE